No. 20,374.

HARRY HARRIS *v.* EMANUEL G. PAVLAKIS, ET AL.

(393 P. [2d] 735)

Decided May 4, 1964. July 27, 1964, on petition for rehearing, opinion modified and as modified adhered to and rehearing denied.

Messrs. GORSUCH, KIRGIS, CAMPBELL, WALKER and GROVER, Mr. FRED A. DEERING, JR., for plaintiff in error.

Messrs. CREAMER and CREAMER, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS writ of error involves the propriety of the granting of a motion to dismiss at the conclusion of Harris' evidence in a trial to the court. Harris, as plaintiff in error, alleges that the court: "granted defendant's Motion to Dismiss without making findings of fact or conclusions of law, either oral or written" as required by R.C.P. Colo. Rules 41 (b) (1) and 52 (a), the latter as interpreted in our opinion in *Mowry v. Jackson,* 140

Colo. 197, 343 P. (2d) 833 (1959). He urges that we vacate the judgment and either remand the case to the trial court for appropriate findings of fact or reverse the judgment and remand for a new trial. He does not allege that any other reversible error was committed or that the judgment entered was erroneous except for this one reason.

The record discloses a rather involved real estate transaction in Denver which ended when Harris and Pavlakis signed a Termination Agreement and each received certain parcels of a large then apparently undeveloped tract. As part of this last transaction they agreed to convey, and did convey, a 45 foot wide strip on the easterly edge of a certain parcel of land deeded to Pavlakis, to Arnold Tietze the other defendant in error here. Tietze was "to dedicate this parcel to the City and County of Denver for street purposes. If for any reason difficulties arise, Arnold Tietze will set up said parcel for ingress and egress protection to parcel (sic) B and C." The latter being two of Pavlakis' tracts. It further appears that thereafter Denver would not accept this strip of land and Tietze then conveyed it to Pavlakis. The strip in question was and is underlaid by a sewer line and part of the surface, after the questioned conveyance, was used for access and parking for Pavlakis' land only with part having overhanging balconies and fences on it as well.

Harris' four claims for relief in the trial court asserted that Tietze breached a trust agreement and did so at Pavlakis' instigation; that the Termination Agreement was breached; that Pavlakis is liable for fraudulently inducing Harris to enter into the Agreement; and that Pavlakis has been unjustly enriched at Harris' expense. The sum of $19,971.57 was sought, being what Harris claims to be the value of his percentage interest in the 45 foot strip.

A lengthy oral motion to dismiss was made after the trial judge had visited the premises. The motion is

set forth in full in the record and details all the evidence as applied to the claims. The court made an oral decision apparently relying on the well-stated grounds set forth in detail in the motion.

This record discloses that Harris failed to prove any of his four claims and as a matter of law he could not recover. That is what the trial court held and we agree therewith. What Pavlakis did with the land after it was conveyed to him is of no concern to Harris.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.

On petition for rehearing opinion modified and as modified adhered to and petition for rehearing denied.